■ In the Matter of SHLOMO M. MIKEL, Appellant, v ASHER Y. SCHARF et al., Respondents. — In a proceeding to confirm an arbitration award made by a religious tribunal, in which proceeding respondents cross-petitioned to vacate the award, petitioner appeals from a judgment of the Supreme Court, Kings County (Hirsch, J.), dated October 16, 1980, that denied the petition, granted the cross petition and vacated the award. Judgment affirmed, with costs. CPLR 7506 (subd [c]) provides, as here relevant, that the parties at an arbitration hearing are "entitled to be heard, to present evidence and to cross-examine witnesses." Furthermore, "[a] party has the right to be represented by an attorney * * * [and t]his right may not be waived" (CPLR 7506, subd [d]). Proper procedure was not followed by the religious tribunal which rendered the subject award and that failure is fatal to confirmation of the award (see CPLR 7511, subd [b], par 1, cl [iv]). The tribunal only permitted respondents' attorney to address it after considerable pleading on the part of respondent Asher Scharf and, even then, the attorney was not permitted to introduce evidence or to cross-examine witnesses, despite his attempts to do so. Furthermore, when respondents were notified of a second meeting of the tribunal, they were expressly told not to bring their attorney. The tribunal could not preclude that representation nor deny respondents the right to present evidence and the right to cross-examine (see CPLR 7506). This failure to observe statutory procedure was prejudicial to the respondents. Accordingly, the award was properly vacated. We have examined petitioner's remaining contentions and find them to be without merit. Lazer, J. P., Rabin, Cohalan and Margett, JJ., concur. [105 Misc 2d 548.]