■ ANNA SARTIANO et al., Appellants, v STANLEY S. BECKER, Respondent.—In a dental malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), dated November 14, 1984, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Judgment reversed, on the law, with costs, motion denied, complaint reinstated, and matter remitted to the Supreme Court, Richmond County, for further proceedings.

The plaintiffs sought to recover damages for personal injuries and loss of services sustained as a result of negligent dental treatment by the defendant.

In order to submit her claim of malpractice to the Peer Review Committee of the Second District Dental Society, it was necessary for the plaintiff Anna Sartiano to sign a form which stated "Counsel may not represent any party to the Peer Review". Following the review by the Peer Review Committee, plaintiff Anna Sartiano was awarded the sum of $500, which she refused to accept. Although there was provision for review of the award, she did not appeal. Thereafter, the plaintiffs commenced the instant action against the defendant alleging malpractice.

For purposes of this appeal we assume, as have the parties in their briefs, that the proceeding before the Peer Review Committee was an arbitration proceeding. CPLR 7506 (d) provides that parties at an arbitration hearing have the right to be represented by an attorney and this right "may not be waived". Proper procedure was not followed by the Peer Review Committee which rendered the award, as it could not deny the plaintiff Anna Sartiano the right to be represented by counsel. This failure to observe statutory procedure is prejudicial and constitutes a sufficient ground to preclude confirmation of an arbitration award *(see, Matter of Mikel v Scharf,* 85 AD2d 604). An arbitration award which is not capable of confirmation and, therefore, finalization *(see, Matter of Mossman [MVAIC],* 19 AD2d 842), cannot serve as the foundation for a defense of arbitration and award pursuant to

CPLR 3211 (a) (5). Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.