■ JAMES NASTASI, Appellant, v DANIEL ARTENBERG, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leahy, J.), dated June 13, 1985, which

granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) upon the ground of arbitration and award.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendant seeks to dismiss the plaintiff's action to recover damages for dental malpractice on the ground that it cannot be maintained because of an award rendered upon the claim by the Peer Review Committee of the Queens County Dental Society. However, in order to submit her claim of malpractice to the Peer Review Committee, the plaintiff was required to sign a "Peer Review Request Form", which stated "Counsel may not represent any party to the Peer Review". As we held in *Sartiano v Becker* (119 AD2d 656, 657, *lv dismissed* 68 NY2d 806), wherein the plaintiff signed a similar form containing the same language: "CPLR 7506 (d) provides that parties to an arbitration hearing have the right to be represented by an attorney and this right 'may not be waived'. Proper procedure was not followed by the Peer Review Committee which rendered the award, as it could not deny the plaintiff * * * the right to be represented by counsel. This failure to observe statutory procedure is prejudicial and constitutes a sufficient ground to preclude confirmation of an arbitration award *(see, Matter of Mikel v Scharf,* 85 AD2d 604). An arbitration award which is not capable of confirmation, and, therefore, finalization *(see, Matter of Mossman [MVAIC],* 19 AD2d 842), cannot serve as the foundation for a defense of arbitration and award pursuant to CPLR 3211 (a) (5)".

In view of the foregoing, we need not reach the issue of whether the "Peer Review Request Form", which did not contain a specific waiver clause, precluded an action to recover damages for malpractice with respect to the challenged dental treatment. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.