CHARLOTTE LANDAU, Plaintiff, v DANIEL STRACQUADAINE et al., Defendants.

Supreme Court, Kings County, December 15, 1988

---

### APPEARANCES OF COUNSEL

*Hogan, Jones & Parisi, P. C. (Christopher G. Ganuret* of counsel), and *Frank E. Maher, P. C. (Patrick J. Kane* of counsel), for Motor Vehicle Accident Indemnification Corporation, petitioner and defendant. *Raymond J. McDonnell* and *Edward H. Bonacci, Jr.,* for Empire Mutual Insurance Co., respondent. *Leonard H. Moche* for plaintiff.

### OPINION OF THE COURT

NICHOLAS A. CLEMENTE, J.

On June 4, 1985, Charlotte Landau, while a pedestrian on Coney Island Avenue in this county, was struck by a motor vehicle driven by Daniel Stracquadaine and owned by Dolores Stracquadaine. Based upon the injuries Landau suffered in such accident she commenced an action against the Stracquadaines. Their putative insurer, Empire Mutual Insurance Co. (Empire), asserted that their insurance policy had been canceled. As a result the Motor Vehicle Accident Indemnification Corporation (MVAIC) interposed an answer on behalf of the Stracquadaines and paid no-fault insurance benefits to Landau.

Subsequently, MVAIC adopted the position that Empire's policy had not been canceled at the time of the accident. This dispute centered on whether the premiums had been paid on the Stracquadaine policy and the matter was submitted to arbitration.

Prior to the arbitration proceeding Empire was not given any notice that MVAIC would present witnesses. Nevertheless, at the arbitration proceeding MVAIC presented Dolores Stracquadaine as a witness. Over Empire's objection of lack of notice she testified that premiums had been paid. Empire, unaware that such a witness would appear, was unprepared to refute her testimony. Empire appeared at the arbitration proceeding prepared only to show that proper notice of cancellation had been sent. Faced with uncontroverted testimony of payment the arbitrator found that the policy had not been properly canceled and he ruled that Empire would be responsible to provide coverage rather than MVAIC.

MVAIC in dealing with Landau's claims arising from the automobile accident sent her for a physical examination to Medical Determinations, P. C. and/or Dr. V. V. Rao. Landau alleges she was injured by such physical examination and she commenced a second action based on those injuries against MVAIC and Dr. Rao. A motion to consolidate Landau's action against the Stracquadaines with her action against MVAIC and Dr. Rao was made. The Justice before whom the matter came (Vinik, J.) determined in an order dated August 27, 1987 that the actions should be referred to a Medical Malpractice Part where they should be joined or consolidated in the discretion of the Trial Justice. Hence, two outstanding motions involving the arbitration have now been referred to this part for decision.

The first arises by way of an order to show cause in which MVAIC petitions the court for an order compelling Empire to (1) defend and indemnify the Stracquadaines against Landau's claims; and (2) reimburse MVAIC for the no-fault payments of $29,491.91 plus interest made to Landau. By this order to show cause, Hogan, Jones & Parisi, P. C., the lawyers assigned to defend the Stracquadaines by MVAIC, also seek to be relieved and they want Empire to reimburse them for their costs, disbursements and attorneys' fees with interest. It is MVAIC'S position that its victory against Empire at the arbitration proceeding mandates the foregoing relief.

In response, Empire, as a respondent, cross-moves for an order pursuant to CPLR 7511 to vacate the arbitrator's award which held that Empire's policy covering the Stracquadaines remained in effect. Empire contends that contrary to proper arbitration procedures and governing regulations, MVAIC was allowed to present a witness (Dolores Stracquadaine) that the premium had been paid to Empire. Empire asserts that this was improper because it was not given notice that a witness would appear at the arbitration proceeding to testify that there had been payment. Had such notice been provided, Empire would have presented its own witness (although it concedes such testimony is rarely offered) that payment had not been made so that the arbitrator would have been presented with countervailing testimony to that offered by MVAIC. Instead, Empire came to the arbitration proceeding only with proof that it had met the legal requirements as to notification for canceling a policy.

MVAIC'S response to this is that Empire can hardly claim surprise at the appearance as a witness of the very party

whose policy it canceled and Empire should have been prepared to deal with all facets of its cancellation at an arbitration proceeding held to decide the validity of its cancellation. Moreover, Empire only had 90 days to move to vacate the arbitration award and its motion is untimely since it is made well past such 90-day time limit.

The controversy between MVAIC and Empire initially involves CPLR 7510 and 7511. While MVAIC fails to denominate its application as one to confirm an award of arbitration that, in fact, is what it seeks. Provision for confirmation of an arbitration award is made by CPLR 7510 which states the following: "The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511."

Empire on the other hand is seeking relief from the award under the grounds set forth in CPLR 7511. Subdivision (b) of CPLR 7511 provides in paragraph (1) the following:

"(b) Grounds for vacating

"1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:

"(i) corruption, fraud or misconduct in procuring the award; or * * *

"(iii) an arbitrator * * * making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or

"(iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection."

MVAIC contends, however, that regardless of the merits of Empire's position, it is precluded from attacking the arbitrator's award because its request for relief is not timely. This, of course, refers to CPLR 7511 (a), which states, "(a) When application made. An application to vacate or modify an award may be made by a party within ninety days after its delivery to him."

It is uncontroverted that Empire did not move within this 90-day period. That, however, does not preclude it from attacking the arbitration award after the 90-day period. Such an attack may be made on the grounds set forth in CPLR

7511 (b) upon MVAIC'S application to confirm the award even though it comes after the 90-day period (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7511:1, at 578).

■ The scope of judicial review under CPLR 7511 is a narrow one *(Peninsula Natl. Bank v Joseph M. Turecamo, Inc.,* 56 NY2d 794). Thus, in *Dahn v Luchs* (92 AD2d 537, 538) the court stated, "However, in an arbitration proceeding, the admission of evidence that is merely incompetent or irrelevant is not sufficient cause for vitiating an award; such result is mandated only where the objected-to evidence is extremely prejudicial (see *Matter of Brill [Muller Bros.],* 40 Misc 2d 683, 689). 'A mistake or error of the arbitrators as to the law or facts will not vitiate an award "unless it * * * is so gross or palpable as to establish fraud or misconduct" ' *(Korein v Rabin,* 29 AD2d 351, 356, citing 6 CJS, Arbitration and Award, § 105)." Hence, the applicable principles indicate a predisposition to deny relief to a litigant in Empire's position. Nevertheless, I conclude that MVAIC is not entitled to confirmation of the award.

In my view, the controlling statutory provision commences with clause (iv) of CPLR 7511 (b) (1), namely, a "failure to follow the procedure of this article". CPLR 7506 (c) states as to an arbitration proceeding that, "The parties are entitled to be heard, to present evidence and to cross-examine witnesses." In determining what this means in the context of a case such as this, reference must be made to Insurance Law § 5105. Subdivision (a) of that section discusses the right of one insurer to recover from another insurer while subdivision (b), which is of particular interest to the instant case, states, "(b) The sole remedy of any insurer * * * to recover on a claim arising pursuant to subsection (a) hereof, shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent [of insurance]. Such procedures shall also be utilized to resolve all disputes arising between insurers concerning their responsibility for the payment of first party benefits."

Corresponding to section 5105 is section 5221 (b) (6) of the Insurance Law which deals with the MVAIC. Paragraph (6) states, "If a controversy arises between the [MVAIC] and an insurer concerning the obligation to pay first party benefits * * * such controversy shall be solely resolved by submission to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent. Such procedures shall, to

the extent practicable, be those applicable to insurers pursuant to section five thousand one hundred five of this chapter."

In order to effectuate these arbitration requirements, the Superintendent of Insurance adopted procedures for mandatory arbitration which appear at 11 NYCRR 65.10. Section 65.10 begins by stating its area of applicability as follows: "The following procedures and rules for mandatory arbitration of controversies between insurers, pursuant to the provisions of section 5105 of the Insurance Law, shall apply to insurers * * * and effective with respect to personal injuries sustained on or after December 1, 1977, shall also include the [MVAIC]". Section 65.10 then proceeds to list various procedures for the arbitration. The one which is of concern here appears in subdivision (d) (3) (viii) and states the following: "(viii) An applicant or respondent may present such witnesses as it deems necessary at an arbitration hearing if it notified the other parties of its intention sufficiently in advance of the hearing date to permit them to also present witnesses."

Empire, of course, is alleging and, in fact, MVAIC does not controvert the allegation, that there was a blatant violation of clause (viii) by the arbitrator since it had no notice that MVAIC would present any witnesses at the arbitration proceeding. Thus, the emergent issue is the effect of a violation of clause (viii) on an arbitration proceeding. Stated otherwise, does the violation of clause (viii) mandate denial of an application to confirm the arbitrator's award? In my view, under the statutory scheme set forth above, I am constrained to deny confirmation.

Tracking and reviewing the statutory and regulatory setup, I start with CPLR 7511 (b) (1) (iv) which calls for vacatur of an arbitration award if an arbitrator fails to follow the procedures of CPLR article 75. CPLR 7506 (c) provides that at an arbitration proceeding the parties are entitled to present evidence. The parameters of such presentation are unclear unless one looks to Insurance Law §§ 5105 and 5221, which provide the statutory basis for the subject arbitration. The Insurance Law mandates arbitration for the type of dispute involved herein under procedures adopted by the Superintendent of Insurance. Those procedures (11 NYCRR 65.10) call for prior notification of the appearance of a witness. MVAIC failed to comply with this requirement and the arbitrator ignored this failure.

What becomes apparent is that such failure must effectively

constitute a violation of Empire's right to present evidence under CPLR 7506, since if Empire knew that MVAIC was going to present witnesses it would have presented its own witnesses. An arbitrator's violation of CPLR 7506 is certainly a CPLR 7511 (b) (1) (iv) "failure to follow the procedure of this article" and suffices to mandate a denial of confirmation when one considers Empire's immediate objection to the failure *(Matter of Pierre [General Acc. Ins.],* 100 AD2d 705). Moreover, the arbitrator's error certainly relates to something more fundamental than a mere admission of inadmissible evidence since it goes to the heart of the proceeding *(cf., Block v St. Paul Fire & Mar. Ins. Co.,* 137 AD2d 475).

In sum, I conclude that MVAIC'S request for relief should be denied and Empire's application should be granted to the extent that the arbitrator should reopen the hearing to permit further testimony on the question of payment for the policy.

Settle order on notice. The parties are directed to appear for a conference on January 27, 1989.