■ In the Matter of JACK STUART KERN, D.D.S., Appellant, v ROBERT KRACKOW, D.D.S., Respondent. [765 NYS2d 790] —Judgment (denominated an order), Supreme Court, New York County (Herman Cahn, J.), entered on or about March 4, 2003, which, inter alia, granted respondent's motion to confirm a final arbitration award, unanimously affirmed, with costs.

The IAS court properly denied petitioner's cross motion to vacate the award. In the absence of impropriety (CPLR 7511 [b] [1]), a court may vacate an award that "is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn., Inc., Town of Callicoon Unit]*, 70 NY2d 907, 908 [1987]). The arbitrator did not exceed the scope of the authority conferred upon her by the broad arbitration provision of the contract. Nor has petitioner established that the award was irrational or violative of public policy. A court may not substitute its judgment for that of the arbitrator either with respect to the interpretation of facts or the application of remedies (*Matter of New York*

*State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *Azrielant v Azrielant*, 301 AD2d 269, 275 [2002], *lv denied* 99 NY2d 509 [2003]). Judicial intervention would contravene "the strong public policy of this State to favor the resolution of disputes in arbitration as a means of conserving scarce judicial resources" (*Bank of Tokyo-Mitsubishi v Kvaerner a.s.*, 243 AD2d 1, 9 [1998], citing *Rio Algom v Sammi Steel Co.*, 168 AD2d 250 [1990], *lv denied* 78 NY2d 853 [1991]). Concur—Saxe, J.P., Rosenberger, Friedman and Marlow, JJ.