■ Luz Volpe et al., Appellants, v Joel Cortes et al., Respondents. [792 NYS2d 536]—

In an action, inter alia, to recover damages for dental malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Solomon, J.), dated March 11, 2004, as granted that branch of the

defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that it was precluded by an arbitration and award.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint is denied, and the complaint is reinstated.

The record reveals that after being dissatisfied with the dental treatment she received from the defendants, the plaintiff Luz Volpe executed an agreement to submit to the arbitration of her claim against them before the Second District Dental Society Peer Review Committee. The form agreement which she executed provided in relevant part as follows:

"Each Party to this contract agrees that, for reasons of reducing cost and expediting a decision, they will not use attorneys to present their dispute to the Peer Review Committee. . . . We understand and agree that the Peer Review Committee will not keep a verbatim record of this proceeding and that neither the Patient nor the Dentist will be represented by an attorney."

Following the arbitration and the making of an award which the plaintiffs found unsatisfactory, the plaintiffs commenced this dental malpractice action. The Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that it was precluded by the arbitration and award. We reverse.

CPLR 7506 (d) unequivocally precludes the waiver of the right to counsel in arbitration proceedings as follows: "Representation by attorney. A party has the right to be represented by an attorney and may claim such right at any time as to any part of the arbitration or hearings which have not taken place. *This right may not be waived.*" (Emphasis added.)

Contrary to the defendants' contention, the agreement in this case clearly conditioned arbitration on the injured plaintiff's prospective waiver of her right to counsel. Therefore, the Peer Review Committee which rendered the award did not follow proper procedure, since it could not deny the injured plaintiff her right to be represented by an attorney. Accordingly, the award rendered by the Peer Review Committee "cannot serve as the foundation for a defense of arbitration and award pursuant to CPLR 3211 (a) (5)" (*Sartiano v Becker,* 119 AD2d 656, 656-657 [1986]; *see Paciello v Ariola,* 130 AD2d 640 [1987]; *Nastasi v Artenberg,* 130 AD2d 469 [1987]). The mere couching of the waiver in terms of an agreement between the parties does not alter its essential character as a compulsory condition of arbitration which violates the statute.

The defendants' remaining contentions either are unpreserved

for appellate review or without merit. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.