■ PAUL O'REILLY-HYLAND et al., Respondents, v LIBERTY MANAGEMENT & CONSTRUCTION LTD. et al., Defendants, and DAVID JAY WEINER ARCHITECTS, P.C., et al., Appellants. PAUL O'REILLY-HYLAND et al., Appellants, v LIBERTY MANAGEMENT & CONSTRUCTION LTD. et al., Defendants, and DAVID JAY WEINER ARCHITECTS, P.C., et al., Respondents. (And a Third-Party Action.) [822 NYS2d 243]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered June 10, 2005, which, in an action for architectural malpractice and breach of contract, denied defendants architects' motion to set aside the verdict insofar as it awarded plaintiffs damages for breach of contract, unanimously affirmed,

without costs. Order, same court and Justice, entered June 14, 2005, which denied plaintiffs' motion to set aside the verdict as inadequate insofar as it awarded them $167,998 for breach of contract, and as excessive insofar as it awarded defendants more than $112,749.99 on their counterclaim for breach of contract, unanimously modified, on the law, to reduce the award to defendants from $160,171 to $112,749.99, and otherwise affirmed, without costs.

The verdict in favor of plaintiffs is supported by the weight of the evidence, including plaintiffs' expert's testimony showing that defendants furnished inaccurate drawings to contractors and authorized construction of structures they knew were faulty, and defendants' evidence that plaintiffs made multiple, substantial revisions to the original plans, in some cases after the work was performed. Given the charge, which did not ask for an itemization of damages, exactly what evidence was credited or rejected by the jury in assessing plaintiffs' damages cannot be determined, but we are satisfied that the $167,998 figure represents a fair interpretation of the evidence (*see McDermott v Coffee, Ltd.*, 9 AD3d 195, 206-207 [2004]). Absent a formal motion by defendants to amend the ad damnum clause in their counterclaim, their damages for nonpayment must be limited to the amount sought in the counterclaim, namely $112,749.99 (*see Reid v Weir-Metro Ambulance Serv.*, 191 AD2d 309 [1993]). Plaintiffs' remaining arguments, including that a net judgment should have been directed, are not preserved and we decline to review them. Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.