■ ELUL DIAMONDS CO. LTD. et al., Appellants, v Z KOR DIAMONDS, INC., et al., Respondents, et al., Respondents. [854 NYS2d 391]—

Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 2, 2007, confirming an arbitration award in favor of respondent Z Kor Diamonds in the principal sum of $185,226.65, plus counsel fees and costs, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered September 12, 2007, which, upon renewal/reargument, adhered to a prior order denying the petition to vacate the arbitration award and granting respondents' cross motion to confirm that award, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The scope of judicial review of an arbitration proceeding is extremely limited (*Matter of Brown & Williamson Tobacco Corp. v Chesley*, 7 AD3d 368, 371 [2004]). An arbitration award will be upheld so long as the arbitrator offers barely colorable justification for the outcome reached (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006], *cert dismissed* — US —, 127 S Ct 34 [2006]), and will be vacated only where it is totally irrational or exceeds a specifically enumerated limitation on the arbitrator's power (*Merrill Lynch, Pierce, Fenner & Smith v Benjamin*, 1 AD3d 39, 43 [2003]).

The motion court properly found that the arbitrators rationally concluded they had jurisdiction to arbitrate the dispute between the parties. Although there was no direct transaction between petitioner Elul Diamonds and respondent Z Kor Diamonds in New York, it was reasonable for the arbitrators to conclude that the dispute between the parties arose from the consignment transaction in New York. Nor was it irrational for the arbitrators to conclude that the failure of the other diamond bourses to object to the arbitration constituted their consent to jurisdiction, as appears to be the customary practice. In any event, petitioners waived these claims by having their counsel

appear at the arbitration, where she advanced substantive legal arguments unrelated to jurisdictional objections (*see Matter of Naroor v Gondal*, 17 AD3d 142 [2005], *appeal dismissed* 5 NY3d 757 [2005]; *Matter of Smullyan [SIBJET S.A.]*, 201 AD2d 335 [1994]).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Lippman, P.J., Tom, Buckley and Moskowitz, JJ. [*See* 2007 NY Slip Op 32821(U).]