[897 NYS2d 555]

WENDE MARRACINO et al., Respondents, v GARY J. ALEXANDER, D.D.S., et al., Appellants.

Fourth Department, March 19, 2010

**APPEARANCES OF COUNSEL**

*Anspach Meeks Ellenberger LLP*, Buffalo (*Kimberly D. Gensler* of counsel), for appellants.

*Jeffrey Freedman Attorneys at Law*, Buffalo (*Brian D. Knauth* of counsel), for respondents.

*Lance R. Plunkett*, Albany, for New York State Dental Association, amicus curiae.

**OPINION OF THE COURT**

GREEN, J.

The public policy of this State favors the resolution of disputes through arbitration and other alternatives to litigation (*see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 95 [1975]; *Ferguson Elec. Co. v Kendal at Ithaca*, 274 AD2d 890, 891 [2000]). Parties who elect to resolve their disputes through arbitration may not thereafter litigate claims that were the subject of arbitration (*see Gibeault v Home Ins. Co.*, 221 AD2d 826, 827 [1995]). Indeed, when a dispute has proceeded to arbitration and an award has been made, a complaint arising from that dispute is subject to dismissal pursuant to CPLR 3211 (a) (5). However, an arbitration award may not serve as the foundation of the defense of "arbitration and award" within the meaning of CPLR 3211 (a) (5) unless that award is subject to confirmation pursuant to CPLR article 75 (*see Nastasi v Artenberg*, 130 AD2d 469, 470 [1987]; *Sartiano v Becker*, 119 AD2d 656 [1986], *lv dismissed* 68 NY2d 806 [1986]).

We conclude that Supreme Court properly denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) inasmuch as the arbitration award at issue is not subject to confirmation. First, the proceedings did not adhere to the procedural safeguards of CPLR 7506 protecting the right to counsel of Wende Marracino (plaintiff) and, second, the award is not a final determination of the dispute.

### Peer Review and Quality Assurance Committee Proceedings

Beginning in 2004 plaintiff was treated by Gary J. Alexander, D.D.S. (defendant), a dentist specializing in prosthodontics. Defendant performed a full-mouth restoration, which was completed in February 2007. Following the completion of that procedure, plaintiff was not satisfied with the outcome and complained of constant pain, discomfort and other difficulties. In 2008 plaintiff, defendant and another dentist associated with defendant entered into an "Agreement to Submit to Peer Review" (Agreement). The Agreement provided, inter alia, that the dispute would be heard and decided by the Peer Review Committee of the New York State Dental Association, that the decision and award of the Peer Review Committee would be binding, and that the amount of any award to plaintiff would not exceed the fee actually paid for the treatment under review. As relevant to this appeal, both plaintiff and defendant agreed to waive their right to sue each other, except to bring an action to enforce the Agreement or the award of the Peer Review Committee.

With respect to the right to an attorney, the Agreement provides that the parties "understand that [they] have the right to have [their] own attorneys and acknowledge that [they] were given the opportunity to have [their] attorneys review this *Agreement* before signing it." In addition, the parties acknowledged that, before signing the Agreement, they received and read a pamphlet entitled "A Guide to Peer Review" (Guide). The Guide advises patients initiating Peer Review that they are not required to be represented by a lawyer and that there is no questioning or cross-examination, but "[a] lawyer representing a party to the Peer Review may attend the hearing" along with others who may be invited to attend as observers. The Guide further advises that "[s]uch attendees do not participate in the hearing."

In May 2008 a hearing was conducted before the Eighth District Dental Society's Peer Review and Quality Assurance

Committee (Committee), consisting of three specialists in prosthodontics. Plaintiff was not represented by an attorney at the hearing but appeared with her husband, plaintiff Frank Marracino. The Committee received written submissions from both plaintiff and defendant and questioned each of them. Plaintiff, however, was not permitted to question defendant, and her husband was asked to leave when he objected to the Committee's procedures. The Committee issued its decision in June 2008, finding that defendant's treatment of plaintiff was appropriate and consistent with the standard of care, and determining that defendant was therefore entitled to retain the fees received for that treatment.

Plaintiff exercised her right to take an appeal from the Committee's decision to the Council on Peer Review and Quality Assurance of the New York State Dental Association (Council). Pursuant to the Agreement and the Guide, the grounds for appeal are limited to newly discovered "significant" evidence or "a significant prejudicial, procedural irregularity that would be likely to affect the outcome of the case." The Council determined that "inconsistencies between the individual clinical assessments and the decisions noted in the Committee's report" constituted such a "procedural irregularity." The Council therefore granted the appeal, set aside the Committee's decision, and directed the Eighth District Dental Society to rehear the matter.

For reasons that are not explained in the record, the matter was transferred to the Seventh District Dental Society, which scheduled a rehearing in Brockport. Prior to the rehearing date, plaintiff wrote a letter to the Council Chairman objecting to the venue and the composition of the Seventh District Dental Society's Peer Review and Quality Assurance Committee. Upon being advised by the Council Chairman to raise those objections at the rehearing, plaintiff in turn advised the Eighth District Dental Society by letter that she was withdrawing from the Peer Review process. The Chairman of the Seventh District Dental Society's Peer Review and Quality Assurance Committee responded by letter, advising plaintiff that she was no longer in compliance with the Agreement and that, "[a]s a result, the decision of the Eighth District Dental Society's Peer Review Committee stands as final. [Defendant] is therefore entitled to retain the fees for the treatment provided for [plaintiff]."

On October 31, 2008, the same day on which she notified the Eighth District Dental Society that she was withdrawing from the Peer Review process, plaintiff commenced the instant action

seeking damages for injuries allegedly resulting from defendant's malpractice. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) based upon the defense of arbitration and award. We conclude that the court properly denied the motion.

## CPLR 7506

" '[T]his State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties' " (*Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 49 [1997]; *see Matter of Kern v Krackow*, 309 AD2d 650, 651 [2003], *lv denied* 1 NY3d 505 [2003]). Courts, therefore, sparingly interfere with agreements to arbitrate (*see Shah v Monpat Constr., Inc.*, 65 AD3d 541, 543 [2009]; *Matter of Miller*, 40 AD3d 861, 861-862 [2007]). Further, in the event that there is judicial review of an arbitration proceeding, such review is extremely limited (*see Elul Diamonds Co. Ltd. v Z Kor Diamonds, Inc.*, 50 AD3d 293 [2008]), as is judicial review of the resulting award (*see Mobil Oil Indonesia v Asamera Oil [Indonesia]*, 43 NY2d 276, 281 [1977], *rearg denied* 43 NY2d 846 [1978]). However, "[p]recisely because arbitration awards are subject to such judicial deference, it is imperative that the integrity of the process, as opposed to the correctness of the individual decision, be zealously safeguarded" (*Matter of Goldfinger v Lisker*, 68 NY2d 225, 231 [1986], *mot to amend remittitur granted* 69 NY2d 729 [1987]).

■ In enacting CPLR article 75, the Legislature has established procedural requirements to safeguard the integrity of the arbitration process. CPLR 7506 (c) protects the participants' right to be heard, present evidence and cross-examine witnesses. Those rights may be waived by written consent of the parties or by continuing with the arbitration without objection (*see* CPLR 7506 [f]; *Railworks Corp. v Villafane Elec. Corp.*, 6 Misc 3d 301, 306 [2004]). In addition, CPLR 7506 (d) provides that "[a] party has the right to be represented by an attorney." Unlike the rights protected under subdivision (c), "[t]his right may not be waived" (CPLR 7506 [d]). Failure to adhere to those procedural safeguards is fatal to the confirmation of an arbitration award (*see Matter of Mikel v Scharf*, 85 AD2d 604 [1981]), and such failure constitutes a ground for vacating an award (*see Landau v Stracquadaine*, 142 Misc 2d 30, 36 [1988]). We need not address plaintiff's contention that the procedural safeguards of CPLR 7506 (c) were neither adhered to nor properly waived,

because we conclude that plaintiff's unwaivable right to be represented by an attorney was violated. Based on that violation, any award is not capable of confirmation and thus may not constitute the foundation of a defense of arbitration and award pursuant to CPLR 3211 (a) (5) (*see Volpe v Cortes*, 16 AD3d 675, 676 [2005]; *Nastasi*, 130 AD2d at 470; *Sartiano*, 119 AD2d 656 [1986]).

The peer review agreements at issue in *Volpe*, *Nastasi* and *Sartiano* expressly precluded the parties to the agreements from being represented by an attorney, and the courts in those cases concluded that such agreements were contrary to the mandatory terms of CPLR 7506 (d). The Agreement in the instant case, on the other hand, expressly provides that the parties "understand that [they] have the right to have [their] own attorneys and acknowledge that [they] were given the opportunity to have [their] attorneys review this *Agreement* before signing it." We conclude, however, that the Agreement does not satisfy the mandatory terms set forth in CPLR 7506 (d) and, as a consequence, plaintiff was denied her unwaivable right to counsel during the proceedings. We agree with plaintiff that the "right to have . . . [an] attorney[ ]" under the Agreement and the "right to be represented by an attorney" pursuant to CPLR 7506 (d) are not equivalent, and that the distinction involves far more than semantics. The right to have an attorney, as explained by the Guide, means only that, in addition to reviewing the Agreement, a party's attorney may attend the hearing as an observer, but may not ask questions or otherwise participate in the hearing. As provided in the statute, however, the right to be represented by an attorney

> "bespeaks meaningful participation—the right of counsel to speak, to object, to argue and to advocate on behalf of a client before the panel as the case is presented by the opposing side. The right to counsel becomes meaningless if counsel is consigned to quiet attendance as a mere observer at the proceedings" (*Matter of Coty Inc. v Anchor Constr., Inc.*, 2003 NY Slip Op 50013[U], *12 [2003], *affd* 7 AD3d 438 [2004]; *see Mikel*, 85 AD2d 604 [1981]).

Thus, the arbitration proceeding did not comply with the requirement of CPLR 7506 (d), the award is not subject to confirmation, and the complaint survives defendant's motion pursuant to CPLR 3211 (a) (5).

## No Final Award

■ As a further ground for affirmance, we conclude that the award allegedly supporting defendant's motion to dismiss is not a final award subject to confirmation. "Generally, the award is the arbitrators' decision and final determination upon the matters submitted . . . and must be coextensive with the submission" (*Mobil Oil Indonesia*, 43 NY2d at 281). Here, the Committee made a determination that defendant's treatment of plaintiff was appropriate and consistent with the standard of care, and that defendant therefore was entitled to retain his fees for that treatment. That determination, however, was set aside on appeal. Thus, at that stage, there was no "final and definite award" resolving the matter submitted for arbitration (CPLR 7511 [b] [1] [iii]; *see Papapietro v Pollack & Kotler*, 9 AD3d 419 [2004]; *Matter of Town of Southampton v Patrolman's Benevolent Assn. of Southampton Town, Inc.*, 8 AD3d 580 [2004]; *Matter of Adelstein v Thomas J. Manzo, Inc.*, 61 AD2d 933 [1978]). "An award is not final and definite when either it leaves the parties unable to determine their rights and obligations[,] . . . it does not resolve the controversy submitted, or . . . it creates a new controversy" (*Matter of Civil Serv. Empls. Assn. v County of Nassau*, 305 AD2d 498, 498 [internal quotation marks omitted]). Plaintiff's successful appeal placed the parties at the beginning of the arbitration process, with the controversy unresolved. Following plaintiff's decision to withdraw from the Peer Review process, the Chairman of the Seventh District Dental Society's Peer Review and Quality Assurance Committee essentially reinstated the Committee's determination. Neither defendants nor the New York State Dental Association, as amicus curiae, however, identify the source of the Chairman's authority to reinstate a determination that was set aside pursuant to the Agreement and the Guide based on "procedural irregularit[ies]." Defendants' remedy, if any, was to seek a judicial determination whether plaintiff was in violation of the Agreement when she withdrew from the Peer Review process and refused to continue with the rehearing (*see generally Matter of Bullard [Grace Co.]*, 240 NY 388, 397 [1925]). In any event, we conclude that the defense of arbitration and award is not available here because, although there was an arbitration proceeding, there was no award (*see Langemyr v Campbell*, 23 AD2d 371, 373-374 [1965]).

Accordingly, we conclude that the order should be affirmed.

SCUDDER, P.J., CENTRA and FAHEY, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously affirmed, without costs.