■ KRISTAN L. PETERS, Respondent-Appellant, v COLLAZO FLORENTINO & KEIL LLP, Appellant-Respondent. [985 NYS2d 231]—

Judgment, Supreme Court, New York County (Paul G. Feinman, J.), entered November 14, 2012, confirming an arbitration award in favor of defendant that, inter alia, awarded prejudg-

ment interest at 2% per annum, and dismissing the complaint, unanimously affirmed, with costs.

Defendant failed to timely move to modify the award to raise the prejudgment interest rate from 2% to 9% (CPLR 7511 [a]). In any event, the arbitrator properly set the prejudgment interest rate at 2% (*compare* CPLR 5001 [a] *with* CPLR 5004).

Contrary to plaintiff's contention that arbitration should have proceeded under 22 NYCRR part 137, her consent to arbitrate under the New York City Bar Association's Rules for Mediation and Arbitration Among Attorneys and her full participation in the arbitration constitutes a waiver of rights under 22 NYCRR part 137 including any claim that the arbitrator lacked jurisdiction over her or that there was no valid agreement to arbitrate (*see Matter of Naroor v Gondal*, 17 AD3d 142 [1st Dept 2005], *appeal dismissed* 5 NY3d 757 [2005]; *see also Elul Diamonds Co. Ltd. v Z Kor Diamonds, Inc.*, 50 AD3d 293 [1st Dept 2008]).

In any event, the claims and counterclaims asserted in this dispute involve "substantial legal questions, including professional malpractice or misconduct," and "claims against an attorney for damages or affirmative relief other than adjustment of the fee," which are not subject to arbitration under 22 NYCRR part 137 (22 NYCRR 137.1 [b] [3], [4]).

We have considered plaintiff's remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Gische and Kapnick, JJ.