▆ HOWARD SIMSON, Appellant-Respondent, v CUSHMAN & WAKEFIELD, INC., et al. Respondents-Appellants. [10 NYS3d 202]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered May 21, 2013, which, to the extent appealed and cross-appealed from, directed that a new arbitration proceeding be held before a different panel at which plaintiff would have the right to call and cross-examine witnesses, unanimously modified, on the law, to delete so much of the order as directed that plaintiff have the right to call and cross-examine witnesses, and as so modified, affirmed, without costs.

Plaintiff surrendered any right to call or cross-examine witnesses in the arbitration by entering into an arbitration agreement waiving such rights, and further, by participating in the arbitration proceeding without objection (CPLR 7506 [f]; *Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.]*, 43 NY2d 184, 191-192 [1977]). Consistent with defendant Cushman & Wakefield's arbitration procedures for resolving disputes between brokers, it is in the sole discretion of the arbitrators to determine whether the parties shall appear, or whether testimony or additional evidence is required.

Similarly, plaintiff has waived his assertion that any arbitration panel composed of Cushman & Wakefield employees is impermissible, by agreeing to the arbitration provisions, and by failing to appeal from a prior order of the court granting defendants' motion to arbitrate, and instead proceeding to arbitration, without further objection. Based on the foregoing, plaintiff was not deprived of due process by proceeding in arbitration, rather than in the courts.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.