1414 Holdings, LLC v BMS-PSO, LLC (2018 NY Slip Op 08261)





1414 Holdings, LLC v BMS-PSO, LLC


2018 NY Slip Op 08261


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Tom, Moulton, JJ.


652290/12 -654931/16 7793 7792 7791

[*1]1414 Holdings, LLC, Plaintiff-Appellant,
v
BMS-PSO, LLC, Defendant-Respondent.
In re 1414 Holdings LLC, Petitioner-Appellant,
v
BMS-PSO, LLC, Respondent-Respondent.


Meister Seelig & Fein LLP, New York (Stephen B. Meister of counsel), for appellant.
David Rozenholc & Associates, New York (Gary N. Horowitz of counsel), for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about August 10, 2017, which granted defendant's motion for summary judgment dismissing the supplemental complaint, unanimously affirmed, with costs. Order, same court and Justice, entered on or about November 30, 2017, which, insofar appealed from as limited by the briefs, denied plaintiff's motion to increase defendant's undertaking, unanimously affirmed, with costs. Order, same court (Eileen Bransten, J.), entered December 5, 2017, which dismissed the petition to vacate an arbitration award, unanimously affirmed, with costs.
Regarding the August 2017 order, plaintiff contends that the fourth cause of action in its supplemental complaint, which sought only declaratory and injunctive relief to build an ADA compliant elevator, should not have been dismissed as moot because if a plaintiff "succeeds in proving that he is entitled to equitable relief, equity may grant damages in addition to or as an incident of some other . . . equitable relief" (Doyle v Allstate Ins. Co., 1 NY2d 439, 443 [1956] [emphasis omitted]). Here, on the prior appeal, we granted plaintiff all of the equitable relief plaintiff requested (see 116 AD3d 641, 643 [1st Dept 2014]). Plaintiff thereafter obtained the desired access and built an ADA compliant elevator, according to its own design. It would not be "a failure of justice" to deny plaintiff damages (Doyle at 443 [internal quotation marks omitted]). Plaintiff's damages in having to convert the elevators in two steps are not related to any access denial by defendants. They stem from plaintiff trying to cancel defendant's lease without complying with the lease requirements (demolishing all or substantially all of the building where defendant's premises are located). Had plaintiff postponed its conversion of the building to a hotel until 2021 (when defendant's lease expires), or if it had obtained a permit to demolish all or substantially all of the building, it would not be facing the issue of a two-stage elevator conversion.
Plaintiff did not cross-move to conform the pleadings to the proof or for leave to file a second supplemental complaint (see e.g. O'Reilly-Hyland v Liberty Mgt. & Constr., Ltd., 32 AD3d 765, 766 [1st Dept 2006]). Even if we were to overlook this defect, we would find that the motion court providently exercised its discretion by denying the relief plaintiff requested, in view of the prejudice to defendant and the effect of such relief on the orderly prosecution of this [*2]case (see e.g. Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]; Gonfiantini v Zino, 184 AD2d 368, 369 [1st Dept 1992]). Moreover, plaintiff may not recover damages caused by the motion court's refusal to modify the temporary restraining order (preventing plaintiff from closing the building and shutting off utility services to defendant's premises) to permit plaintiff to install an elevator that complied with the Americans with Disabilities Act (see Building Serv. Local 32B-J Pension Fund v 101 L.P., 115 AD3d 469, 472 [1st Dept 2014], appeal dismissed 23 NY3d 954 [2014]).
In its November order, the court properly denied plaintiff's motion to increase defendant's undertaking. The purpose of an undertaking is to indemnify the party who is the target of a preliminary injunction (here, plaintiff) against "all damages and costs which may be sustained by reason of the injunction" (CPLR 6312[b]). Thus, "[i]f the injunction was warranted, then the landlord will not be entitled to any damages arising from its issuance" (Building Serv. Local, 115 AD3d at 473).
After plaintiff commenced the instant action to force defendant out of the building by July 31, 2012, defendant obtained a TRO, and then a preliminary injunction, preventing plaintiff from closing the building and shutting off utility services to defendant's premises. By withdrawing its notice of cancellation of lease with prejudice and discontinuing its cause of action for a warrant of eviction/ejectment with prejudice, plaintiff conceded that it improperly attempted to force defendant from the building. Thus, since the TRO and preliminary injunction were justified, plaintiff is not entitled to damages.
As for the modification of the TRO to permit elevator work, CPLR 6314 says the court may require the party moving to modify the TRO — here, plaintiff — "to give an undertaking." It does not require the nonmovant (defendant) to give an undertaking
(see e.g. 116 AD3d at 644). Furthermore, by the time plaintiff moved to increase defendant's undertaking, the motion court had already dismissed plaintiff's supplemental complaint and sub silentio denied its request to file a second supplemental complaint. The case was over and there was no longer a preliminary injunction or a basis for an undertaking.
As for the December order, the court properly denied the petition to vacate the arbitration award (i.e., the neutral arbitrator's selection of Tenant's Fair Market Terms). Petitioner's claim that the arbitrator exceeded her power by refusing to hold a hearing, is unavailing. Article 75(B) of the parties' lease does not require the arbitrator to hold a hearing. Instead, it provides that "the Arbitrator shall select either Landlord's Fair Market Terms or Tenant's Fair Market Terms." Article 75(B) of the lease, and the retainer agreement that both sides signed with the arbitrator, show that petitioner waived any right it may have had under CPLR 7506 to a hearing (see Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.], 43 NY2d 184, 191 [1977]; Simson v Cushman & Wakefield, Inc., 128 AD3d 549 [1st Dept 2015]).
Nor was petitioner deprived of counsel at the arbitration. There is a distinction between a waiver or deprivation of the right to counsel and the failure to avail oneself of that right, and here, the record establishes that petitioner failed to exercise its right to counsel (see Matter of Rosengart [Armstrong Daily], 6 AD2d 1052 [2d Dept 1958]). Moreover, petitioner fails to demonstrate how its rights were prejudiced by the fact that the neutral arbitrator met with the party arbitrators without either party's lawyer being present (see Matter of Sims v Siegelson, 246 [*3]AD2d 374, 377 [1st Dept 1998]; compare Matter of Mikel v Scharf, 85 AD2d 604 [2d Dept 1981]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK