Matter of Reyes v New York City Tr. Auth. (2022 NY Slip Op 03088)

Matter of Reyes v New York City Tr. Auth.

2022 NY Slip Op 03088

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Renwick, J.P., Mazzarelli, Gesmer, González, JJ. 

Index No. 650757/21 Appeal No. 15917 Case No. 2022-00024 

[*1]In the Matter of Joseph Reyes, et al., Petitioners-Appellants,
v
New York City Transit Authority, Respondent-Respondent.

Advocates for Justice Chartered Attorneys, New York (Arthur Z. Schwartz of counsel), for appellants.
David I. Farber, Brooklyn (Robert K. Drinan of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (William Perry, J.), entered September 21, 2021, denying the petition to vacate an arbitration award, dated September 17, 2020, and dismissing the proceeding brought pursuant to article 75, unanimously affirmed, without costs.
In January 2018, petitioner Transport Workers Union Of Greater New York Local 100 filed a grievance on behalf of its member, petitioner Reyes, contending that Reyes had been improperly bypassed for overtime in favor of less senior employees. The arbitrator sustained the grievance, finding that the New York City Transit Authority had violated the collective bargaining agreement by improperly denying Reyes overtime opportunities in 2018. While noting that the normal remedy would have been to give Reyes additional opportunities for overtime, the arbitrator found that he could not employ that remedy since Reyes had retired. Instead, based on a review of the evidence presented and Reyes' testimony, the arbitrator found that Reyes was entitled to be compensated for 40 hours of overtime.
Petitioners' disagreement with the arbitrator's findings and interpretation of the parties' collective bargaining agreement provides no basis for reversing the arbitration award (see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336-337 [2005]; Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]; Elul Diamonds Co. Ltd. v Z Kor Diamonds, Inc., 50 AD3d 293, 293 [1st Dept 2008]). While petitioners attempt to show that the arbitrator improperly rendered the award in light of the number of overtime hours assigned to petitioner Joseph Reyes as opposed to those assigned to a junior coworker, petitioners fail to show or explain how the award contravenes the requirement of a "fair distribution" under the collective bargaining agreement. Furthermore, the discrepancy between the overtime hours assigned to petitioner and one other employee does not compel any specific result or conclusion, and does not support a finding that the amount awarded by the arbitrator was totally irrational or in excess of his powers as a matter of law (see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022