Matter of Ventillo v County of Rockland Sheriff's Dept. (2022 NY Slip Op 03521)





Matter of Ventillo v County of Rockland Sheriff's Dept.


2022 NY Slip Op 03521


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SHERI S. ROMAN
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.


2018-14993
 (Index No. 34561/18)

[*1]In the Matter of Ranolfo Ventillo, respondent,
v
County of Rockland Sheriff's Department, appellant.


Saretsky Katz & Dranoff, LLP, New York, NY (Robert B. Weissman of counsel), for appellant.
Law Office of Frank M. Graziadei, P.C., New York, NY (Peter B. Fallon of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated June 4, 2018, the County of Rockland Sheriff's Department appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated December 10, 2018. The order granted the petition to vacate the award and remitted the matter for a rehearing and a new determination before a different arbitrator.
ORDERED that the order is affirmed, with costs.
On April 26, 2016, the County of Rockland Sheriff's Department (hereinafter the RCSD) suspended the petitioner, Ranolfo Ventillo, from his employment as a correction officer without pay based upon conduct which was alleged in certain criminal charges that had been brought against him. Ventillo, through the Correction Officers Benevolent Association of Rockland County (hereinafter the Union), filed a grievance protesting the suspension and demanded a disciplinary arbitration pursuant to the Union's collective bargaining agreement with the County of Rockland. Ventillo was subsequently acquitted of the criminal charges on June 30, 2017, after a jury trial.
At the scheduled hearing date of January 24, 2018, Ventillo's counsel sought to be relieved due to a conflict of interest and requested that the hearing be adjourned. Ventillo did not appear at the January 24, 2018 hearing date due to an unspecific work emergency. The arbitrator granted counsel's request to be relieved but did not grant counsel's request for an adjournment, and allowed the RCSD to proceed with the hearing on that date and elicit testimonial evidence from two witnesses without the presence of Ventillo or counsel. The hearing was continued on four additional dates in the absence of Ventillo and counsel, despite Ventillo's repeated request for an adjournment to obtain new counsel. Thereafter, by arbitration award dated June 4, 2018 (hereinafter the arbitration award), the arbitrator, inter alia, sustained the disciplinary charges and found that just cause existed to terminate Ventillo's employment with the RCSD.
On July 27, 2018, Ventillo commenced this proceeding pursuant to CPLR article 75 to vacate the arbitration award. In an order dated December 10, 2018, the Supreme Court granted the petition and remitted the matter for a rehearing and a new determination before a different arbitrator. The RCSD appeals, and we affirm.
"'Judicial review of arbitration awards is extremely limited'" (Matter of City of Middletown v Weissinger, 188 AD3d 670, 671, quoting Kotlyar v Khlebopros, 176 AD3d 793, 795). "However, '[p]recisely because arbitration awards are subject to such judicial deference, it is imperative that the integrity of the process, as opposed to the correctness of the individual decision, be zealously safeguarded'" (Marracino v Alexander, 73 AD3d 22, 26, quoting Matter of Goldfinger v Lisker, 68 NY2d 225, 231). An arbitration award may be vacated pursuant to CPLR 7511(b)(1)(iv) on the ground that a party's rights were prejudiced by the "failure to follow the procedure of [CPLR article 75], unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection." As part of the procedure set forth in CPLR 7506, the parties to an arbitration "are entitled to be heard, to present evidence and to cross-examine witnesses," and have "the right to be represented by an attorney" (id. § 7506[c], [d]). The right to be represented by an attorney "may not be waived" (id. § 7506[d]; see Marracino v Alexander, 73 AD3d at 26).
Here, the Supreme Court properly granted the petition to vacate the arbitration award. Proper procedure was not followed by the arbitrator, who denied Ventillo the right to be represented by an attorney by proceeding with the hearing on January 24, 2018, and thereafter continuing with the hearing over Ventillo's objection and without affording him time to obtain new counsel (see CPLR 7506[d]; 7511[b][1][iv]; Marracino v Alexander, 73 AD3d at 26; Matter of Mikel v Scharf, 85 AD2d 604, 604). This failure to observe statutory procedure was sufficiently prejudicial, under the circumstances of this matter, to require vacatur of the arbitration award (see Marracino v Alexander, 73 AD3d at 26; Sartiano v Becker, 119 AD2d 656, 656; Matter of Mikel v Scharf, 85 AD2d at 604).
The parties' remaining contentions either are without merit or need not be considered in light of our determination.
Accordingly, we affirm the order.
LASALLE, P.J., ROMAN, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court