OPINION OF THE COURT
Barry A. Cozier, J.
Petitioner, Lancer Insurance Company (Lancer), brings this proceeding pursuant to CPLR 7510 for a judgment confirming the award of an arbitrator.
The underlying facts indicate that Lancer insured a bus which was involved in an accident with a vehicle insured by respondent Great American Insurance Company (Great American). Lancer paid no-fault insurance benefits to four occupants *718 of the bus who had been injured in the accident. Subsequently, pursuant to Insurance Law § 5105, Lancer sought reimbursement from respondent. On February 6, 1996, following an arbitration hearing at which respondent did not appear, the arbitrator, Arbitration Forums, Inc. (AFI), awarded the petitioner 30% of the amounts claimed by each party. The petitioner herein moves to confirm the February 1996 award.
Respondent contends that petitioner originally filed for arbitration on behalf of the four parties on August 8, 1994. On October 11, 1994, the AFI arbitrator rendered her decision and found that in all four cases, Lancer had failed to sustain its burden of proof. Respondent did not move to confirm the October 1994 award. Petitioner acknowledges that there was a prior arbitration proceeding but states that it did not attend the proceeding because it had not received notice of the hearing. Petitioner’s assertion notwithstanding, respondent maintains that the petitioner, "without any basis in law or procedure”, refiled for arbitration in the same matter on October 2, 1995. With respect to this second arbitration proceeding, respondent states that it submitted an answer to the AFI arbitrator which was misfiled. Consequently, respondent argues, the arbitrator was not aware of its position when it issued the award that is the subject of this special proceeding. In light of this alleged error at the February 6, 1996 arbitration hearing, and its contention that the October 1994 arbitration award was final and binding, respondent requests that the court deny the petition in its entirety.
In support of its position, respondent proffers correspondence from AFI regarding the finality of the October 1994 arbitration ruling and the circumstances surrounding the February 6, 1996 arbitration hearing and an opinion letter obtained by AFI from the New York State Insurance Department (the Department). The Department’s letter, dated May 7, 1996, addresses the October 1994 arbitration ruling and the respondent’s failure to confirm it. The Department construes New York State Insurance Department regulation No. 68 (11 NYCRR 65.10 [d] [4] [ii]) and states that "it is the Department’s position that arbitration decisions rendered [by AFI] are final and binding in accordance with [regulation No. 68, subparagraph 65.10 (d) (4) (2)] * * * and do not need to be confirmed into judgment”.
A letter from AFI to respondent dated June 26, 1996 states that "Regulation No. 68, Subparagraph 65.10 does not require confirmation of an award in order for it to be valid”. Further, *719 with respect to the February 1996 arbitration hearing and award, AFI informed respondent that it would be voiding the February 1996 award pursuant to its power under regulation No. 68 (11 NYCRR 65.10 [d] [4] [ii]) to "correc[t] a clerical or typographical error”. AFI had found that the record "indicated that there was clerical error with regard to the matters heard on February 6, 1996” for it had received respondent’s answer but failed to match it with the appropriate file.
In response, the petitioner argues that the respondent’s position is both procedurally and substantively defective on several grounds. Petitioner (1) maintains that the CPLR vests authority to confirm or vacate an arbitration award with the courts and not with "an arbitration administrator”, "clerks” or "laypersons” and that the proper procedure for objecting to an award is to commence a special proceeding pursuant to CPLR 7511; (2) acknowledges that regulation No. 68 (11 NYCRR 65.10 [d] [4] [ii]) does provide that an administrator may correct a clerical or typographical error, however, it argues that vacating an award in its entirety is different from correcting a typographical error and as such, is not permitted by this regulation; (3) maintains that, notwithstanding the inability of an administrator to "impersonate a court”, two conditions set forth in regulation No. 68 (11 NYCRR 65.10 [d] [4] [ii]) were not met, namely, respondent did not furnish a request for correction, in writing, setting forth the clerical error, and AFI voided the award four months after the award was rendered where the regulation requires that correction of the award be within 60 days of the award’s publication; (4) contends that the October 1994 award was not entitled to res judicata effect because the respondent had failed to confirm the "default” award; (5) contends that when it refiled for arbitration, respondent could have either moved to stay the arbitration on the grounds of res judicata or appeared at hearing to argue its position; (6) maintains that the respondent was required to confirm the arbitration award and cites case law which purportedly stands for the proposition that no-fault arbitration awards must be confirmed; and (7) argues that the issue of res judicata is for the arbitrator to determine.
Discussion
Insurance Law § 5105 (a), inter alia, provides: "Any insurer liable for the payment of first party benefits to or on behalf of a covered person and any compensation provider paying benefits in lieu of first party benefits which another insurer *720 would otherwise be obligated to pay * * * has the right to recover the amount paid from the insurer of any other covered person to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law. In any case, the right to recover exists only if at least one of the motor vehicles involved is a motor vehicle weighing more than six thousand five hundred pounds unloaded or is a motor vehicle used principally for the transportation of persons or property for hire”. Significantly, Insurance Law § 5105 (b) provides that the "sole remedy of any insurer or compensation provider to recover on a claim arising pursuant to [section 5105 (a)], shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent. Such procedures shall also be utilized to resolve all disputes arising between insurers concerning their responsibility for the payment of first party benefits.”
In the instant proceeding, respondent has not cross-moved to vacate or modify the February 6, 1996 award, but rather opposes the confirmation of the award based upon the existence of a prior inconsistent award and the circumstances surrounding the February 1996 arbitration hearing, including the acknowledged error of the arbitrator. Preliminarily, the court notes that it is statutorily mandated to "confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511.” (CPLR 7510; see also, Integrated Sales v Maxell Corp., 94 AD2d 221 [1st Dept 1983].) A party may oppose an arbitration award by either moving for an order vacating or modifying the award within 90 days of the award or by opposing the award on the grounds set forth in CPLR 7511 (b) upon an application to confirm the award even though it comes after the 90-day period. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7511:l, at 578.) CPLR 7511 enumerates the grounds for vacating an arbitration award. CPLR 7511 (b) (1) provides:
"The award shall be vacated on the application of a party * * * if the court finds that the rights of that party were prejudiced by:
"(i) corruption, fraud or misconduct in procuring the award; or
"(ii) partiality of an arbitrator appointed as a neutral * * * or
*721 "(iii) an arbitrator * * * exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or
"(iv) failure to follow the procedure of this article”.
The existence of a prior award which is inconsistent with one sought to be vacated is not included among the grounds set forth in CPLR 7511 and, therefore, may not be relied upon by the court in upsetting an arbitration award. (See, Matter of City School Dist. v Tonawanda Educ. Assn., 63 NY2d 846 [1984]; Vilceus v North Riv. Ins. Co., 150 AD2d 769 [2d Dept 1989].)
In the instant proceeding, the arbitration between the parties was mandated by Insurance Law § 5105, and as such, "judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and supported by adequate evidence in the record”. (Motor Vehicle Mfrs. Assn. v State of New York, 75 NY2d 175, 186 [1990].) With respect to compulsory arbitration, the Court of Appeals has observed: "the essence of arbitration, as traditionally used and understood, is that it be voluntary and on consent. The introduction of compulsion to submit to this informal tribunal is to change its essence * * * It is very easy to transfer, quite fallaciously, notions and principles applicable to voluntary arbitration to 'compulsory’ arbitration, because, by doubtful logic but irresistible usage, both systems carry the descriptive noun 'arbitration’ in their names. The simple and ineradicable fact is that voluntary arbitration and compulsory arbitration are fundamentally different if only because one may, under our system, consent to almost any restriction upon or deprivation of right, but similar restrictions or deprivations, if compelled by government, must accord with procedural and substantive due process.” (Mount St. Mary’s Hosp. v Catherwood, 26 NY2d 493, 500 [1970].) Thus, it has been held that in compulsory arbitration, "[i]f the arbitrator fails to follow the statutory standards, the award should be vacated for exceeding the legislative grant of authority”. (Motor Vehicle Mfrs. Assn. v State of New York, supra, at 186, citing Mount St. Mary’s Hosp. v Catherwood, supra, at 506.)
In Matter of Goldfinger v Lisker (68 NY2d 225, 230 [1986]) the Court of Appeals observed that it is "[precisely because arbitration awards are subject to [judicial deference that] it is imperative that the integrity of the process, as opposed to the correctness of the individual decision, be zealously safeguarded”. As stated above, one of the grounds upon which an *722 arbitration may be vacated is where the rights of a party have been prejudiced due to the arbitrator’s failure to follow the procedures of CPLR article 75. (CPLR 7511 [b] [1] [iv].) CPLR 7506 (c) provides, inter alia, that "[t]he parties [to an arbitration] are entitled to be heard, to present evidence and to cross-examine witnesses.”* In light of the foregoing and the arbitrator’s acknowledgment of its error in failing to review respondent’s submissions at the February 6, 1996 arbitration hearing, the court vacates the February 6, 1996 arbitration award.
Finally, petitioner’s reliance on State Farm Mut. Auto. Ins. Co. v Eagle Ins. Co. (NYLJ, July 25, 1991, at 21, col 6 [Sup Ct, NY County]) is misplaced. In that case, the court rejected the respondent’s argument that an arbitration award should not be confirmed due to the arbitrator’s acknowledged error in failing to defer the arbitration as respondent had requested. Notwithstanding the fact that the arbitrator voided the award, the court held that the "Respondent’s opposition to confirmation [was] the failure of [the arbitrator] to follow its own procedure” and as this was "not a statutory basis for vacating or modifying the award” the court confirmed the award. (Supra, at 22, col 1.) In contrast, the arbitration award herein must be vacated for failure to follow the procedures set forth in CPLR article 75. (See, Matter of Eagle Ins. Co. [National Union Fire Ins. Co.], 202 AD2d 273 [1st Dept 1994] [arbitration award rendered on respondent’s default vacated for failure to follow notice procedure in light of arbitrator’s acknowledgment that it failed to give required notice of hearing and, therefore, its award was void].)
Accordingly, it is ordered that the petition is denied and the award rendered on February 6, 1996 in favor of petitioner and against respondent is vacated.

 Moreover, the court notes that the Superintendent of Insurance has promulgated regulations governing mandatory arbitration pursuant to Insurance Law § 5105 which appear at 11 NYCRR 65.10. Section 65.10 (d) (2) (vii) provides, inter alia, "[t]he respondent has 30 days after the applicant’s arbitration notice is filed in which to file a written answer.” With respect to the arbitration hearing, section 65.10 (d) (3) (v) in pertinent part provides "[ejvidence which applicants and respondents intend to submit in support of their allegations shall be made available for examination by the arbitrators and opposing parties at the hearing”.