■ In the Matter of TRAVELERS PROPERTY CASUALTY COMPANY, Respondent, v PLACE TRANSPORTATION, INC., Appellant. [706 NYS2d 877] —In a proceeding pursuant to CPLR article 75, Place Transportation, Inc., appeals from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated December 4, 1998, which granted the petition to confirm an arbitration award and denied its cross motion to vacate the award, (2) a judgment of the same court, dated December 18, 1998, entered upon the order, and (3) an amended judgment of the same court, dated April 12, 1999, which is in favor of the petitioner and against it in the total sum of $47,314.06.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the amended judgment dated April 12, 1999; and it is further,

Ordered that the amended judgment is reversed, on the law, with costs, the judgment dated December 18, 1998, is vacated, the motion is denied, the cross motion is granted, the order dated December 4, 1998, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

The arbitrators' refusal to permit the appellant to examine the no-fault insurance file submitted to the panel by the petitioner at the conclusion of the hearing violated the appellant's right to due process (*see,* CPLR 7506 [c]; *Landau v Strac-*

*quadaine,* 142 Misc 2d 30). Accordingly, the Supreme Court should have granted the appellant's cross motion to vacate the award (*see,* CPLR 7511 [b] [1] [iv]; *Matter of Lancer Ins. Co.,* 170 Misc 2d 717), and Ordered a new hearing before a different arbitration panel. O'Brien, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.