(January 22, 2002)

■ RICHARD W. ZUCKERMAN, Appellant, v BMG DIRECT MARKETING, INC., Respondent. [737 NYS2d 14] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 28, 2000, which, in an uncertified class action for deceptive acts and practices in violation of General Business Law § 349, inter alia, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

The complaint alleges that defendant, a music club operator engaged in the selling of musical recordings by mail, bills its customers for shipping and handling in "false" and "inflated" amounts that exceed defendant's actual shipping and handling costs. Such allegations were properly held insufficient to state a cause of action under General Business Law § 349 in ·view of defendant's promotional materials setting forth the exact amount to be charged for the shipping and handling of each recording selected. As a matter of law, a disclosure that a speci-

fied amount will be charged for shipping and handling cannot cause a reasonable consumer to believe that such amount necessarily is equal to or less than the seller's actual shipping and handling costs (*cf.*, *Sands v Ticketmaster-New York, Inc.*, 207 AD2d 687, *lv dismissed in part and denied in part* 85 NY2d 904). "Thus," as stated by the motion court, "in a case such as this, where there is no coercion involved, the focus is whether the amount of the charge is disclosed. If so, the question of whether the amount charged is unreasonable or excessive is not an issue for the courts to address" (citations omitted). We have considered and rejected plaintiff's other arguments, and defendant's argument that it has a complete defense under section 349 (d) based on the Federal Trade Commission's negative option rule requiring sellers such as defendant to clearly disclose whether its billing charges include an amount for postage and handling (16 CFR 425.1 [a] [1] [iv]). Plaintiff's claim is not based on a failure to disclose charges for postage and handling, but rather on allegedly deceptive statements that caused buyers to believe that the disclosed charges were not, as plaintiff's expert describes them, a "profit center" (*see*, *Morelli v Weider Nutrition Group*, 275 AD2d 607; *Blue Cross & Blue Shield of N.J. v Philip Morris, Inc.*, 133 F Supp 2d 162). Concur—Nardelli, J.P., Tom, Andrias, Lerner and Marlow, JJ.