■ GERALD J. TAYLOR, Appellant, v BMG DIRECT MARKETING, INC., Respondent. [749 NYS2d 31] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered August 1, 2001, which, upon the prior grant of defendant's motion pursuant to CPLR 3211 (a) (7), dismissed the complaint alleging deceptive acts and practices in violation of General Business Law § 349, unanimously affirmed, without costs.

Plaintiff's allegations, that defendant's fully disclosed shipping and handling charges are deceptive and misleading because they exceed defendant's actual costs, manifestly fail to state any cognizable claim since they are indistinguishable from those already determined to be insufficient to state a cause of action in *Zuckerman v BMG Direct Mktg.* (290 AD2d 330, *lv denied* 98 NY2d 602). There, we held that "a disclosure that a specified amount will be charged for shipping and handling cannot cause a reasonable consumer to believe that such amount necessarily is equal to or less than the seller's actual shipping and handling costs" (*id.* at 330-331; *see also Sands v Ticketmaster-New York*, 207 AD2d 687, *lv dismissed in part and denied in part* 85 NY2d 904).

We have considered and found unavailing plaintiff's remaining arguments, including the contention that defendant's use of the word "free" is deceptive and violates the Federal Trade Commission's "Guide Concerning Use of the Word 'Free' and Similar Representations" (16 CFR 251.1). Defendant complied with the Federal Trade Commission rules and regulations by disclosing its shipping and handling fees, clearly and conspicuously, at the outset of the offer, as well as in its Membership Guide, thus apprising customers of such fees before they become obligated to accept any shipment or make payment. Concur—Nardelli, J.P., Mazzarelli, Saxe and Marlow, JJ.