■ Rita Siegel, Appellant, v David Landy et al., Respondents, et al., Defendant. [824 NYS2d 404]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 11, 2003, as granted those branches of the motion of the defendants David Landy, David Landy, ASID, and David Landy Interiors, Inc., which were to dismiss the first, fourth, and fifth causes of action insofar as asserted against the defendants David Landy and David Landy, ASID, and to direct that the second cause of action be submitted to arbitration.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In the course of remodeling her home, the plaintiff contacted the defendant David Landy of David Landy Interiors, Inc. (hereinafter DLI), for interior design assistance. After an initial consultation, the plaintiff paid a retainer fee for seven hours of

work and entered into a contract pursuant to which the defendants agreed to provide her with a floor plan and decorative lighting placement services for her home. The contract contained a broad arbitration clause covering "[a]ny claim or controversy arising out of this letter of agreement." A few weeks later, the plaintiff apparently became dissatisfied with David Landy's performance and attempted to cancel the contract, asking for the return of most of the retainer fee. David Landy responded that the retainer fee was nonrefundable pursuant to the terms of the contract, and that he had already provided more than five hours worth of services. When the parties could not agree on an amicable resolution, the plaintiff commenced the instant action, alleging, inter alia, breach of contract and violations of General Business Law §§ 349 and 771 and Personal Property Law article 10-A.

The Supreme Court properly dismissed, insofar as asserted against David Landy and David Landy, ASID (hereinafter Landy), the first cause of action, which was predicated on General Business Law § 771, as that provision does not apply to contracts for the "sale or installation of decorative goods or services" (General Business Law § 770 [3] [d]; *see* CPLR 3211 [a] [7]; *Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). The court also properly dismissed as against Landy the fourth and fifth causes of action alleging violations of General Business Law § 349, as the complaint failed to allege any facts which, if proven, would show that Landy engaged in any deceptive act or practice declared to be unlawful (*see* CPLR 3211 [a] [7]; *Leon v Martinez, supra; Taylor v BMG Direct Mktg.,* 299 AD2d 181 [2002]). Moreover, the court providently exercised its discretion in directing that the second cause of action be submitted to arbitration (*see Matter of Land of the Free v Unique Sanitation,* 93 NY2d 942 [1999]; *Matter of Heilman [Casella],* 188 AD2d 294 [1992]).

The plaintiff's contentions with respect to the sixth and tenth causes of action are beyond the scope of her notice of appeal and are therefore not properly before us.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.