█ RITA SIEGEL, Appellant, v DAVID LANDY et al., Respondents. [944 NYS2d 581]—

In an action, inter alia, to recover damages for breach of

contract, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered April 4, 2011, as granted that branch of the defendants' motion which was to confirm an arbitration award dated September 17, 2010, as modified, and denied her cross motion to vacate that arbitration award, (2), as limited by her brief, from so much of an order of the same court entered August 12, 2011, as denied her motion for leave to reargue her opposition to that branch of the defendants' motion which was to confirm the arbitration award dated September 17, 2010, as modified, and her cross motion to vacate that award, and (3) from a judgment of the same court entered August 12, 2011, which, upon the order entered April 4, 2011, is in favor of the defendants and against her in the principal sum of $425.

Ordered that the appeal from the order entered April 4, 2011, is dismissed; and it is further,

Ordered that the appeal from the order entered August 12, 2011, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the defendants' motion which was to confirm the arbitration award dated September 17, 2010, as modified, is denied, the plaintiff's cross motion to vacate that arbitration award is granted, the order entered April 4, 2011, is modified accordingly, the arbitration award dated September 17, 2010, as modified, is vacated, and the parties are directed to proceed to arbitration before a different arbitrator; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order entered April 4, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order entered April 4, 2011, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On or about July 2, 2002, the plaintiff entered into a contract with the defendant David Landy Interiors, Inc. (hereinafter DLI), pursuant to which DLI agreed to provide the plaintiff with interior design services for her New York home. The contract, which was signed by the defendant David Landy, and listed the defendant David Landy, ASID, and DLI (hereinafter collectively the defendants) under his signature, contained a provision which provided that any claim or controversy arising out of the agreement was to be resolved by arbitration. The parties' relationship soured quickly. On or about July 24, 2002, the

plaintiff sent a letter to the defendants purporting to terminate the contract and demanding a refund. The defendants did not refund the plaintiff's money.

The plaintiff commenced this action in February 2003, asserting 10 causes of action. In an order dated June 11, 2003, the Supreme Court granted those branches of the defendants' motion which were to dismiss the first, third, fourth, and fifth causes of action. In that order, the Supreme Court also directed the plaintiff to submit the second, seventh, eighth, and ninth causes of action to arbitration. Proceedings pertaining to the sixth and tenth causes of action were held in abeyance pending the outcome of arbitration. In a decision and order dated November 14, 2006, this Court affirmed the order dated June 11, 2003, insofar as appealed from by the plaintiff (see Siegel v Landy, 34 AD3d 556 [2006]).

By letter dated May 11, 2010, the plaintiff demanded arbitration. The defendants, before the arbitrator, opposed the plaintiff's demand for arbitration on the ground that the plaintiff's claims were time-barred. The defendants emphasized that the plaintiff sought arbitration almost eight years after her claim accrued. The arbitrator conducted an initial telephone conference with the parties on August 11, 2010, but did not hold a hearing thereafter, despite the plaintiff's request for a hearing. After the initial telephone conference, the arbitrator issued an award dated September 17, 2010, dismissing the plaintiff's claims. The award was subsequently modified to correct a computational error. The arbitrator concluded that the plaintiff's claims were time-barred, as the applicable six-year limitations period had expired.

The defendants moved in the Supreme Court, among other things, to confirm the arbitration award, and the plaintiff cross-moved to vacate the award. In an order entered April 4, 2011, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to confirm the award, as modified, and denied the plaintiff's cross motion to vacate the award. The plaintiff moved for leave to reargue, and, in an order entered August 12, 2011, the Supreme Court, among other things, denied the plaintiff's motion for leave to reargue. A judgment was entered August 12, 2011, in favor of the defendants and against the plaintiff in the principal sum of $425.

The plaintiff is correct that, as a general matter, where, as here, an agreement with an arbitration clause does not affect interstate commerce, and is therefore not subject to the Federal Arbitration Act (see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 252 [2005]), the agree-

ment and the arbitration process are subject to the New York rule that "threshold Statute of Limitations questions are for the courts" as opposed to the arbitrator (*id.* at 253 [internal quotation marks omitted]; *see Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 674 [1976]; *CSAM Capital, Inc. v Lauder*, 67 AD3d 149, 154 [2009]; *see also Shah v Monpat Constr., Inc.*, 65 AD3d 541, 543-544 [2009]). However, CPLR 7502 (b) expressly provides that, where a party does not move in the court to stay arbitration on the ground that the claim would have been barred by the statute of limitations had it been asserted in a court rather than in arbitration, the party is not precluded from advancing this defense before the arbitrators, "who may, in their sole discretion, apply or not apply the bar." Accordingly, contrary to the plaintiff's contention, the arbitrator had the discretion to consider whether to apply or not apply the bar. Moreover, contrary to the plaintiff's contention, the Supreme Court did not expressly determine that the matter was not time-barred before referring it to the arbitrator.

However, as the plaintiff correctly contends, the arbitration award, as modified, should have been vacated on the ground that the arbitrator failed to follow the procedures set forth in CPLR article 75 (*see* CPLR 7511 [b] [1] [iv]). The plaintiff was effectively denied her right to notice, the opportunity to be heard, and the opportunity to present evidence (*see* CPLR 7506). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to confirm the award, as modified, and granted the plaintiff's cross motion to vacate the award, as modified (*see* CPLR 7511 [b] [1] [iv]; *Marracino v Alexander*, 73 AD3d 22, 26 [2010]; *Matter of 21 Lizensk Corp. v Spillman*, 14 AD3d 617, 617 [2005]; *Matter of Travelers Prop. Cas. Co. v Place Transp.*, 270 AD2d 352, 352-353 [2000]; *Matter of Mikel v Scharf*, 85 AD2d 604, 604 [1981]).

In light of our determination, we need not reach the plaintiff's remaining contentions. Angiolillo, J.P., Dickerson, Belen and Hall, JJ., concur.