# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

560

CA 12-01542

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN
JEFFREY GEE AND JAMAICA GEE,
PETITIONERS-APPELLANTS,

AND                                              MEMORANDUM AND ORDER

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, RESPONDENT-RESPONDENT.

---

THE GOLDEN LAW FIRM, UTICA (B. BROOKS BENSON OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Norman
I. Siegel, A.J.), entered May 2, 2012 in a proceeding pursuant to CPLR
article 75.  The order granted the motion of respondent to dismiss the
petition to vacate the arbitration awards.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by confirming the awards and as
modified the order is affirmed without costs.

Memorandum:  Petitioners sustained injuries in an automobile
accident in June 1996, and thereafter submitted their no-fault claims
for loss of earnings and medical expenses to respondent.  Following
respondent's denial of most of those claims in April 1997, petitioners
timely commenced a civil action in June 2002, i.e., within the six-
year statute of limitations, rather than pursuing arbitration under
the Insurance Law.  In December 2005, shortly before the scheduled
trial date, the parties agreed to submit the matter to arbitration.
Petitioners' counsel notified Supreme Court (Daley, J.), in January
2006 that the case would proceed to arbitration and requested removal
of the case from the trial calendar.  In December 2009, petitioners
filed their request for arbitration and thereafter, in the context of
the arbitration, respondent moved to dismiss petitioners' claims on
the ground that they were barred by the statute of limitations because
more than 12 years had passed from accrual of the claims.  The
arbitrator agreed and dismissed the claims as time-barred, and a
master arbitrator subsequently affirmed those awards.  Petitioners
thereafter commenced this proceeding in Supreme Court (Siegel, A.J.)
pursuant to CPLR article 75 seeking to vacate the awards, and they now
appeal from an order that, inter alia, granted respondent's motion to

dismiss the petition. Although we agree with respondent that petitioners were not entitled to vacatur of the awards, we note that the court erred in failing to confirm the awards pursuant to CPLR 7511 (e). We therefore modify the order accordingly.

Inasmuch as petitioners voluntarily pursued arbitration after they commenced a civil action, we conclude that our review is limited by the terms of CPLR 7511 (b) (1) and, "in the absence of proof of fraud, corruption, or other misconduct, the arbitrator's determination on [the] issue[] of . . . the application of the [s]tatute of [l]imitations . . . is conclusive" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223). Here, petitioners offered no such proof. Contrary to petitioners' contention, "the arbitrator had the discretion to consider whether to apply . . . the bar [of the statute of limitations]" (*Siegel v Landy*, 95 AD3d 989, 992). Furthermore, we reject petitioners' contention that the master arbitrator exceeded his power by making a de novo finding that the agreement to arbitrate lacked a waiver of the statute of limitations by respondent (*see generally* CPLR 7511 [b] [1] [iii]). "To exclude a substantive issue from arbitration" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308), the limitation upon the arbitrator's power "must be set forth as part of the arbitration clause" (*id.* at 307). Because no express limitation regarding the master arbitrator's power was specified in the parties' agreement to arbitrate, we conclude that the master arbitrator's finding was not in excess of his power (*see id.* at 307-308).

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court