Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered May 2, 2012 in a proceeding pursuant to CPLR article 75. The order granted the motion of respondent to dismiss the petition to vacate the arbitration awards.
It is hereby ordered that the order so appealed from is unanimously modified on the law by confirming the awards and as modified the order is affirmed without costs.
Memorandum: Petitioners sustained injuries in an automobile accident in June 1996, and thereafter submitted their no-fault claims for loss of earnings and medical expenses to respondent. Following respondent’s denial of most of those claims in April 1997, petitioners timely commenced a civil action in June 2002, i.e., within the six-year statute of limitations, rather than pursuing arbitration under the Insurance Law. In December 2005, shortly before the scheduled trial date, the parties agreed to submit the matter to arbitration. Petitioners’ counsel notified Supreme Court (Daley, J.), in January 2006 that the case would proceed to arbitration and requested removal of the case from the trial calendar. In December 2009, petitioners filed their request for arbitration and thereafter, in the context of the arbitration, respondent moved to dismiss petitioners’ claims on the ground that they were barred by the statute of limitations because more than 12 years had passed from accrual of the *1560 claims. The arbitrator agreed and dismissed the claims as time-barred, and a master arbitrator subsequently affirmed those awards. Petitioners thereafter commenced this proceeding in Supreme Court (Siegel, A.J.) pursuant to CPLR article 75 seeking to vacate the awards, and they now appeal from an order that, inter alia, granted respondent’s motion to dismiss the petition. Although we agree with respondent that petitioners were not entitled to vacatur of the awards, we note that the court erred in failing to confirm the awards pursuant to CPLR 7511 (e). We therefore modify the order accordingly.
Inasmuch as petitioners voluntarily pursued arbitration after they commenced a civil action, we conclude that our review is limited by the terms of CPLR 7511 (b) (1) and, “in the absence of proof of fraud, corruption, or other misconduct, the arbitrator’s determination on [the] issue [ ] of . . . the application of the [s]tatute of [l]imitations ... is conclusive” (Matter of Motor Veh. Acc. Indent. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]). Here, petitioners offered no such proof. Contrary to petitioners’ contention, “the arbitrator had the discretion to consider whether to apply . . . the bar [of the statute of limitations]” 0Siegel v Landy, 95 AD3d 989, 992 [2012]). Furthermore, we reject petitioners’ contention that the master arbitrator exceeded his power by making a de novo finding that the agreement to arbitrate lacked a waiver of the statute of limitations by respondent (see generally CPLR 7511 [b] [1] [iii]). “To exclude a substantive issue from arbitration” (Matter of Silverman [Benmor Coats], 61 NY2d 299, 308 [1984]), the limitation upon the arbitrator’s power “must be set forth as part of the arbitration clause” (id. at 307). Because no express limitation regarding the master arbitrator’s power was specified in the parties’ agreement to arbitrate, we conclude that the master arbitrator’s finding was not in excess of his power (see id. at 307-308). Present — Centra, J.P., Fahey, Lindley, Sconiers and Valentino, JJ.