22-2928; 22-2036
McCracken v. Verisma Systems, Inc.; Carter v. Rochester General Hospital

# In the
# United States Court of Appeals
## For the Second Circuit

---

August Term, 2023

No. 22-2928; No. 22-2036[*]

ANN MCCRACKEN, JOAN FARRELL, SARA STILSON, KEVIN MCCLOSKEY,
CHRISTOPHER TRAPATSOS, KIMBERLY BAILEY,
*Plaintiffs-Appellants,*

*v.*

VERISMA SYSTEMS, INC.,
*Defendant-Cross-Defendant-Appellee,*

STRONG MEMORIAL HOSPITAL, HIGHLAND HOSPITAL, UNIVERSITY OF ROCHESTER,
*Defendants-Cross-Claimants-Appellees.*

---

MARISSA CARTER, EVELYN GRYS, BRUCE CURRIER, SHARON KONING, SUE BEEHLER,
MARSHA MANCUSO, BRAD S. TIEFEL, AS ADMINISTRATOR OF THE ESTATE OF JACLYN
CUTHBERTSON, AS INDIVIDUALS AND AS REPRESENTATIVES OF THE CLASSES,
*Plaintiffs-Appellants,*

*v.*

THE ROCHESTER GENERAL HOSPITAL, THE UNITY HOSPITAL OF ROCHESTER,
*Defendants-Appellees,*

F.F. THOMPSON HOSPITAL, INC.,
*Cross-Claimant-Defendant-Appellee,*

---

[*] The Clerk of Court is directed to consolidate these appeals for purposes of decision.

CIOX HEALTH, LLC, F/K/A/ HEALTHPORT TECHNOLOGIES, LLC,
*Cross-Defendant-Defendant-Appellee.*

---

On Appeal from Judgments of the United States District Court for the Western District of New York.

---

ARGUED: JANUARY 10, 2024
DECIDED: JANUARY 29, 2024

Before: KEARSE, LYNCH, and NARDINI, *Circuit Judges*.

---

Plaintiffs-Appellants, patients whose counsel requested their medical records from various hospitals, brought class action lawsuits against the hospitals and the vendors to whom the hospitals outsourced their medical record production, alleging that the hospitals and vendors were engaged in an unlawful kickback scheme. The lawsuits alleged three causes of action based on this scheme: (1) a violation of New York Public Health Law ("PHL") § 18(2)(e), which mandates that the per-page price a health care provider charges a patient for their medical records cannot exceed the lower of the actual cost of production or 75 cents; (2) a violation of New York General Business Law ("GBL") § 349, which prohibits certain deceptive business practices; and (3) unjust enrichment. After the lawsuits were filed, the New York Court of Appeals decided *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353 (2021), which held that PHL § 18(2)(e) does not provide a private right of action. The district court (Frank P. Geraci, Jr., *District Judge*) entered judgments for the Defendants on all claims. This Court has previously held that an unjust enrichment claim based solely on a theory of harm reliant on PHL § 18(2)(e) is not cognizable under New York law after *Ortiz*. *See Ortiz v. Ciox Health LLC*, 21 F.4th 50, 52 (2d Cir. 2021). We now hold the same with respect to a claim under GBL § 349. Accordingly, we AFFIRM the judgments of the district court.

---

STEPHEN G. SCHWARZ (Kathryn Lee Bruns, *on the brief*), Faraci Lange, LLP, Rochester, NY, *for Plaintiffs-Appellants*.

MEGHAN M. BROWN (Christopher J. Belter, James D. Macri, *on the brief*), Goldberg Segalla LLP, Buffalo, NY, *for Defendant-Appellee Verisma Systems, Inc.*

AMANDA B. BURNS (Eric J. Ward, Claire E. Wells, *on the brief*), Ward Greenberg Heller & Reidy LLP, Rochester, NY, *for Defendants-Appellees Strong Memorial Hospital, Highland Hospital, and University of Rochester.*

JODYANN GALVIN (Cynthia Ludwig, Mohammed A. Alam, *on the brief*), Hodgson Russ, LLP, Buffalo, NY, *for Defendants-Appellees Rochester General Hospital, Unity Hospital of Rochester, F.F. Thompson Hospital, Inc., and CIOX Health, LLC, f/k/a HealthPort Technologies, LLC.*

WILLIAM J. NARDINI, *Circuit Judge*:

New York Public Health Law ("PHL") § 18(2)(e) provides that, when responding to a request for a patient's medical records by a "qualified person," which includes the patient's attorney, a health care provider cannot charge a per-page price for reproducing the records that exceeds the lower of the actual cost of production or 75 cents. In *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353 (2021), the New York Court of Appeals held that PHL § 18(2)(e) does not provide a private right of action. Based on that decision, this Court held in *Ortiz v. Ciox Health LLC*, 21 F.4th

3

50 (2d Cir. 2021), that an unjust enrichment claim under New York law fails where it does not allege any actionable wrong independent of the requirements of PHL § 18(2)(e). In these consolidated appeals, we confront whether our holding in *Ortiz* should extend to a claim of a deceptive business practice under New York General Business Law ("GBL") § 349 that is similarly premised on a violation of PHL § 18(2)(e). We hold that it does.

Try as they might to characterize the theories of wrongdoing underlying their GBL § 349 and unjust enrichment claims as distinct from violations of PHL § 18(2)(e), all of Plaintiffs-Appellants' attempts either point back to § 18(2)(e) or are not cognizable under those causes of action for other reasons. If plaintiffs could simply repackage their PHL § 18(2)(e) claims as GBL § 349 claims or unjust enrichment claims, they could make an end run around the New York Court of Appeals' holding that PHL § 18(2)(e) does not provide a private right of action. New York law does not permit such a result. Accordingly, we AFFIRM the judgments of the district court.

## I.    Background

The Plaintiffs-Appellants in both of these consolidated cases are patients whose counsel requested copies of their medical records from hospitals where they received treatment. Each group of plaintiffs sued two categories of

4

defendants: the hospitals and the vendors with which each hospital contracted to produce the records. We consolidated these appeals for decision after oral argument due to their factual overlap and because they concern the same central legal issue. We refer to the plaintiffs in both cases collectively as the "Patients" and the defendants in both cases collectively as the "Hospitals" and the "Vendors," distinguishing where necessary.

The Patients in each case appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *District Judge*), entered on August 19, 2022 (*Carter*) and October 11, 2022 (*McCracken*), granting judgment pursuant to Federal Rule of Civil Procedure 12(c) in favor of the Hospitals and Vendors.

The Patients filed class action complaints against the Hospitals and Vendors in 2014 (twice amended in *McCracken*, once amended in *Carter*) claiming three causes of action arising from the Defendants' alleged kickback scheme related to the production of the Patients' medical records: (1) a violation of PHL § 18(2)(e), (2) a violation of GBL § 349, and (3) unjust enrichment. The Patients allege that the Vendors were able to secure their record production contracts with the Hospitals by providing them "improper kickbacks," *McCracken* J.A. 73; *Carter* App'x 83: the

5

Vendors charged patients who requested their medical records through counsel from the Hospitals a per-page price (75 cents) that was higher than the Vendors' costs of production and used the resultant profits to provide free and discounted pages of records to the Hospitals for a category of medical records that health care providers are obligated by federal law to produce free of charge. The Patients' counsel requested their medical records from the Hospitals, which the Vendors produced to them, charging 75 cents per page pursuant to the Vendors' agreements with the Hospitals.

The district court granted the defendants' Rule 12(c) motion for judgment on the pleadings as to all of the Patients' claims in both cases. *McCracken v. Verisma Sys., Inc.*, No. 6:14-CV-6248-FPG-MJP, 2022 WL 3566682, at *3–6 (W.D.N.Y. Aug. 18, 2022); *Carter v. CIOX Health, LLC*, No. 6:14-CV-6275-FPG-MWP, 2022 WL 3499683, at *3–6 (W.D.N.Y. Aug. 18, 2022).[1] In both cases, the parties stipulated to

---

[1] The Patients' amended complaints never describe what form the "improper kickbacks" took. In its decisions granting defendants' motions for judgment on the pleadings, the district court cited the parties' motion papers to explain the details of the scheme, noting that in their briefs, "Plaintiffs further describe[d] the scheme with citation not to the Amended Complaint but to a deposition of [the vendor]'s representative. Plaintiffs have not argued that the deposition is integral to the Amended Complaint such that the Court may consider it without converting the motion to one of summary judgment." *Carter*, 2022 WL 3499683, at *3 & n.5 (citation omitted); *see McCracken*, 2022 WL 3566682, at *4.

In describing the contours of the scheme in their briefs to this Court, the *Carter* Patients cite the services agreements between the vendor and the Hospitals, which are attached to a

judgment in favor of the defendants as to the claim for a violation of PHL § 18(2)(e)—which mandates that the per-page price a health care provider charges a patient for their medical records cannot exceed the lower of the actual cost of production or 75 cents, *see* N.Y. Pub. Health Law § 18(2)(e)—because the New York Court of Appeals had recently decided that PHL § 18(2)(e) does not provide a private right of action, *Ortiz*, 37 N.Y.3d at 364. *McCracken*, 2022 WL 3566682, at *2; *Carter*, 2022 WL 3499683, at *3.

The district court concluded that the defendants are also entitled to judgment in their favor as to the GBL § 349 and unjust enrichment claims because those claims depend on a violation of PHL § 18(2)(e), and thus would "circumvent *Ortiz*'s conclusion that there is not a private right of action for PHL § 18" if

---

declaration in support of their opposition to defendants' motion for judgment on the pleadings, as well as a deposition attached to their opposition, *Carter* Appellants' Br. at 7–8 (citing *Carter* Confidential App'x 1, 4, 45–46, 57, 60–61), and portions of their proposed second amended complaint that the district court denied them leave to file, *id.* at 5–9 (citing *Carter* Confidential App'x 64–69, 76–82), and the *McCracken* Patients cite the agreement between the vendor and the Hospitals, which is attached to the declaration of Plaintiffs to certify a class, *McCracken* Appellants' Br. at 5–6, 8–9 (citing *McCracken* J.A. 161–67), and the statement of service summary between the vendor and the Hospitals, which is attached as an exhibit to the Patients' motion for class certification, *id.* at 5, 7–9 (citing *McCracken* Confidential J.A. 45–55).

While it is unclear whether we may take into account this material outside the amended complaints, *see Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (explaining that a court may consider extrinsic materials on a motion to dismiss if they are "integral to" the complaint), in reviewing the district court's rulings, that question does not affect the outcome of either appeal. Even taking into account these additional details of the alleged kickback scheme, for the reasons explained below, the Patients still fail to state a claim.

7

permitted to proceed, *McCracken*, 2022 WL 3566682, at *4; *Carter*, 2022 WL 3499683, at *4, and to the extent they are premised on independent theories of wrongdoing, those theories are not cognizable for other reasons, *McCracken*, 2022 WL 3566682, at *4–6; *Carter*, 2022 WL 3499683, at *4–6. The district court also denied as moot the Patients' cross-motion for summary judgment in *McCracken*, 2022 WL 3566682, at *6, and denied as futile the Patients' motion for leave to file a second amended complaint in *Carter*, 2022 WL 3499683, at *6–7. These now-consolidated appeals followed.

## II. Discussion

We review a grant of a Rule 12(c) motion for judgment on the pleadings *de novo* "under the same standard as the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Am. Soc'y for the Prevention of Cruelty to Animals v. Animal & Plant Health Inspection Serv.*, 60 F.4th 16, 21 (2d Cir. 2023). "That is, we evaluate a judgment on the pleadings to see whether the complaint fails to state a claim that is plausible on its face. In doing so, we draw all reasonable inferences in the plaintiff's favor to assess whether a complaint's factual allegations plausibly give rise to an entitlement to relief." *Id.* (internal quotation marks omitted).

8

**A. New York General Business Law § 349 Claim**

Section 349(a) of the New York General Business Law makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." To state a claim under this provision, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012) (internal quotation marks omitted). "A defendant's actions are materially misleading when they are likely to mislead a reasonable consumer acting reasonably under the circumstances." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 178 (2021) (internal quotation marks omitted). Moreover, a GBL § 349 claim cannot be premised solely on a defendant's undisclosed violation of a statute lacking a private right of action; rather, a plaintiff must allege an act that is "inherently deceptive" independent of that statute. *See Schlessinger v. Valspar Corp.*, 723 F.3d 396, 399 (2d Cir. 2013).

As we have already held in the unjust enrichment context, to the extent the Patients' GBL § 349 claim is premised on the Vendors' charging them 75 cents per

page—a price they allege exceeded the Vendors' actual cost of production—such a theory of wrongdoing is duplicative of a violation of PHL § 18(2)(e) and is thus not cognizable under New York law.  *See Ortiz*, 21 F.4th at 52 (dismissing an unjust enrichment claim where the complaint did not "allege any actionable wrongs independent of the requirements of [PHL § 18(2)(e)]"); *see also Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 203 (2d Cir. 2005) (holding that under New York law, "[w]hen a plaintiff does not possess a private right of action under a particular statute, and does not allege any actionable wrongs independent of the requirements of the statute, a claim [under another cause of action alleging merely a violation of a statute under which they do not possess a private right of action] is properly dismissed as an effort to circumvent the legislative preclusion of private lawsuits for violation of the statute" (internal quotation marks omitted)).

The Patients unsuccessfully attempt to save their claim by framing the misrepresentation instead as leading to "unknowingly financing the production of other patients' medical records."  *McCracken* Appellants' Br. at 42; *accord Carter* Appellants' Br. at 29 (framing the misrepresentation as leading to "unknowingly paying for the 'courtesy' pages under the guise of paying per page for just their own records").  That theory boils down to an untenable complaint that the

Vendors did not disclose to the Patients that the profits generated from producing their medical records were being used to offset the Hospitals' costs for producing other medical records. Profit-making is not, in itself, a deceptive business act. *See Zuckerman v. BMG Direct Mktg., Inc.*, 737 N.Y.S.2d 14, 15–16 (1st Dep't 2002) ("[W]here there is no coercion involved, the focus is whether the amount of the charge is disclosed. If so, the question of whether the amount charged is unreasonable or excessive is not an issue for the courts to address." (internal quotation marks omitted)). Here, "[the Patients'] claim is not based on a failure to disclose charges for [medical records], but rather on allegedly deceptive [omissions] that caused [patients] to believe that the disclosed charges were not . . . a profit center." *Id.* at 16 (internal quotation marks omitted). But "[a]ny reasonable consumer would understand that businesses are in business to make a profit," *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 405 (S.D.N.Y. 2010), and any notion to the contrary here is based solely on PHL § 18(2)(e)'s strictures.

The Patients also fail to plead how any such misleading omission was "material," *i.e.*, would have caused them to make a different initial choice about ordering their records, *see N. State Autobahn, Inc. v. Progressive Ins. Grp. Co.*, 953 N.Y.S.2d 96, 102 (2d Dep't 2012) (holding that consumer-oriented conduct is

materially misleading only "where the deception pertains to an issue that may bear on a consumer's decision to participate in a particular transaction"). Rather, common sense dictates that, absent an affirmative representation about the use or existence of profits, reasonable consumers are primarily concerned with the end price they pay and the value they expect to receive rather than the business's profit margin, let alone how any profits are used.[2] *See Blessing v. Sirius XM Radio Inc.*, 775 F. Supp. 2d 650, 656 (S.D.N.Y. 2011).

We hold that a plaintiff's claim under New York General Business Law § 349 that does not allege a deceptive act independent of a violation of Public Health Law § 18(2)(e) is not cognizable. Here, the Patients plead no facts that render this business model a deceptive scheme without relying on PHL § 18(2)(e), and so their GBL § 349 claim fails.

---

[2] The *McCracken* Patients' brief contains a purported invoice for medical records sent by the vendor describing the items to be purchased as "NY PHL 18 per page," and contend that, in doing so, the vendor affirmatively represented that it was charging a price equal to the cost of production. *McCracken* Appellants' Br. at 39–40. Although this document was not included in the complaint, nor were there any allegations that the relevant deceptive act was such a representation on the invoice rather than the alleged "kickbacks," *see McCracken* App'x 73–75, we note that our analysis would remain unaltered even had this document been annexed to the complaint. "NY PHL 18 per page" cannot be read as a representation that the items are being sold at cost, independent of the requirements of PHL § 18(2)(e). Because this representation was "problematic only by virtue of" PHL § 18(2)(e), it cannot form the basis of a GBL § 349 claim. *Schlessinger*, 723 F.3d at 399.

## B. Unjust Enrichment Claim

The Patients also bring a claim for unjust enrichment based on the same theory as their GBL § 349 claim. "The basis of a claim for unjust enrichment is that the defendant has obtained a benefit which in equity and good conscience should be paid to the plaintiff. . . . [U]njust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations when . . . . the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) (citation and internal quotation marks omitted). "[T]o adequately plead such a claim, the plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012) (internal quotation marks omitted). We have previously held that under New York law, an unjust enrichment claim fails where it "does not allege any actionable wrongs independent of the requirements of [PHL § 18(2)(e)]." *Ortiz*, 21 F.4th at 52.

For substantially the same reasons we have already recited, the unjust enrichment claims also fail. The Patients point to nothing inherently unjust about

13

profit generation without relying on PHL § 18(2)(e). *See He v. Apple, Inc.*, 139 N.Y.S.3d 409, 412 (3d Dep't 2020) ("[T]here is nothing inherently inequitable in it making money from a legitimate transaction."). Any contention that the defendants received more than the benefit of the bargain because the 75 cents per-page price exceeded their cost is again a repackaging of a PHL § 18(2)(e) violation, as it is dependent on the price limits set by that provision—otherwise, there is no benchmark against which to determine that the price charged was impermissibly high. And although the Patients allege that the Hospitals obtained ill-gotten gains by "sav[ing] millions of dollars in reproduction expenses they otherwise would have incurred," *McCracken* Appellants' Br. at 48; *see Carter* Appellants' Br. at 38, they cannot allege they are entitled to the alleged overcharges without reference to PHL § 18(2)(e), defeating their claims.

### C. Cross-Motion for Summary Judgment

The *McCracken* Patients also challenge the district court's failure to convert the defendants' motion for judgment on the pleadings into a motion for summary judgment and its ultimate denial of the Patients' cross-motion for summary judgment as moot. Under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not

14

excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

The district court here did not consider matters outside of the pleadings in deciding the Rule 12(c) motion (and, to the extent it mentioned them, it did so only to clearly articulate and give all due credit to the Patients' allegations as is required under the Rule 12(c) standard), *see McCracken*, 2022 WL 3566682, at *2, so it was not required to convert the motion into one for summary judgment. *See Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) ("Where . . . the court simply refers to supplementary materials, but does not rely on them or use them as a basis for its decision, the 12(b)(6) motion is not converted into a motion for summary judgment.").

Moreover, it was not error, but rather an exercise of efficiency, to first decide the motion for judgment on the pleadings, because if the court concluded (as it did) that the Patients' allegations, taken as true, did not state a claim, there would be no value in assessing the evidence on a summary judgment motion. And based on our foregoing conclusion that the Patients failed to state a claim, the district

court also did not err in denying their cross-motion for summary judgment as moot.

### D. Leave to Amend

The *Carter* Patients additionally challenge the district court's denial of their motion for leave to amend their complaint a second time. Federal Rule of Civil Procedure 15(a)(2) provides that after a party amends its complaint once as a matter of course, it "may amend its pleading [on subsequent occasions] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "[M]otions to amend should generally be denied in instances of futility . . . ." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). We review a district court's denial of a motion for leave to amend for abuse of discretion and review *de novo* any conclusions of law inherent in the ruling. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 242 (2d Cir. 2007).

We agree with the district court's conclusion that amendment would be futile here given that the additional allegations "simply add[] detail to the underlying allegations which . . . are insufficient to state a claim of deception or unjust enrichment, or otherwise seek[] to circumvent the conclusion in *Ortiz* that there is no private right of action for violations of PHL § 18(2)(e)," *Carter*, 2022 WL

16

3499683, at *6 (citation and internal quotation marks omitted); *see Carter* Appellants' Br. at 42–43 (listing proposed additional allegations, which merely provide detail supporting the overarching scheme). The district court accordingly did not err in denying the Patients' motion for leave to amend their complaint.

### III. Conclusion

In sum, we hold as follows:

(1)    A claim under New York General Business Law § 349 or for unjust enrichment is not cognizable if the alleged deceptive act is deceptive only because it violates New York Public Health Law § 18(2)(e);

(2)    Here, the Patients have not adequately pled a theory of harm independent from a violation of PHL § 18(2)(e) for either their GBL § 349 or unjust enrichment claims, and thus the district court did not err by granting the defendants' motions for judgment on the pleadings as to those claims;

(3)    The district court did not err by failing to convert the *McCracken* defendants' motion for judgment on the pleadings into a motion for summary judgment because it did not rely on materials outside the pleadings in resolving the motion, nor did it err by denying the *McCracken* Patients' cross-motion for summary judgment as moot

17

given that it properly granted defendants judgment as to both claims based on the pleadings; and

(4)     The district court did not err by denying the *Carter* Patients leave to file a second amended complaint because the proposed amendments were futile.

We therefore AFFIRM the district court's judgments in both cases.